UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON THOMAS BEST,<br>　　　　　　　　　Plaintiff,<br><br>-v-<br><br>CHRISTINE THOMPSON, *et al.*,<br>　　　　　　　　　Defendants. | No. 1:25-cv-773<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jason Best, proceeding without the assistance of counsel, filed a 72-page complaint alleging various violations of his civil rights. He also alleges defamation against four individuals. Best sought leave to file his complaint without paying the filing fee, which the court granted. The Magistrate Judge reviewed the complaint and issued a report recommending the court dismiss the defamation claims (ECF No. 11 R&R). Plaintiff filed objections (ECF No. 13).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The allegedly defamatory statements made by the four defendants were used in a disciplinary hearing (R&R at 15 PageID.228). The Magistrate Judge recommends finding that the statements were, therefore, privileged (*Id.* at 16 PageID.229). Plaintiff does not object to this finding or recommendation.

Under Michigan law, a plaintiff may overcome the qualified privilege associated with a statement only by showing the author made the statement "with actual malice, i.e., with knowledge of its falsity or reckless disregard of the truth." *Smith v. Fergan*, 450 N.W.2d 3, 5 (Mich. Ct. App. 1989); *see Hieber v. Oakland Cnty.*, 136 F.4th 308, 326 (6th Cir. 2025). General allegations of malice will not suffice; a complaint must plead specific facts to show malice. *See Swenson-Davis v. Martel*, 354 N.W.2d 288, 291 (Mich. Ct. App. 1984); *see also Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 868 (6th Cir. 2020) (concluding that the complaint failed to plead facts to show malice).

The Magistrate Judge concludes that the complaint fails to allege facts with sufficient specificity establishing that the various statements made by the defendants were made with malice (R&R at 17 PageID.230). The Magistrate Judge explains that the allegedly malicious statements were "merely perceptions of what Defendants believed had happened during their interactions with Best" (*id.*). The Magistrate Judge characterizes Plaintiff's claim for malice as a challenge to "the perceptions of the witnesses" based on their involvement in the incident (*id.*).

Plaintiff objects. Plaintiff argues that construing all of his allegations as true, he has pled facts permitting an inference of malice, that each defendant knew his or her statement was false.

The court overrules Plaintiff's objection. The Magistrate Judge accurately described most of the allegedly false statements as subjective perceptions (e.g., Plaintiff was loud; Plaintiff jabbed his elbow like a knife; Plaintiff's rant lasted 20 minutes). For other allegedly false statements, Plaintiff's allegations do not sufficiently support an inference of malice. At best, the complaint contains general allegations of malice, but not sufficiently specific details to support an inference of malice.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 11). **IT IS SO ORDERED.**

Date:    December 12, 2025                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge