sUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON THOMAS BEST,

Plaintiff,

v.

CHRISTINE THOMPSON, et al.,

Defendants.

Case No. 1:25-cv-773

Hon. Paul L. Maloney

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Defendants filed a motion to dismiss. ECF No. 19. Plaintiff Best then filed an amended complaint. ECF No. 23. Defendants followed by filing a supplemental motion to dismiss that incorporated by reference the prior motion and brief. ECF No. 26. Magistrate Judge Vermaat issued a report recommending the court grant Defendants' motion in part. ECF No. 47 (R&R). Plaintiff filed objections. ECF No. 48. Under the Federal Rules of Civil Procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). After de novo review, the Court will adopt the R&R's recommendation to dismiss all but one of the claims in Best's amended complaint.

Best's suit arises from his suspension from Lansing Community College (LCC) for violating LCC's Student Code of Conduct. (Am. Compl., ECF No. 23.) The R&R recommends dismissal of each of the claims in Best's amended complaint except his first amendment retaliation claim against Defendant Caitlin Cuccia. (R&R, Page ID.789.) Best objects that his claims should not be dismissed: a first amendment retaliation claim against Defendant Jean-Richard Beauboeuf;

various claims of due process violations against Defendants Christine Thompson, Felipe Sustaita, Ruben Maldonado, and two John Doe LCC campus police officers; violation of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act against Thompson and Beauboeuf; and a libel claim against Cuccia and Defendants Taylor Schabes and Nathan Sobania.

The Court first notes that the Sixth Circuit "has generally articulated that 'issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived,' " and that Best has not articulated almost any of his objections previously. *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (alterations in original) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). But even if Best's objections are not waived, the Court is not persuaded by them.

Best first objects to the R&R's conclusion that he failed to plead a First Amendment retaliation claim against Beauboeuf related to access restrictions placed on his LCC email account. The Court overrules this objection. As the R&R points out, Best alleges that LCC sent him an email stating that *all* old or former student accounts would soon be deactivated.[1] (LCC Dec. 16, 2025 Email Ex. GG, ECF No. 23-32, PageID.540.) That notice also advised Best to take steps to preserve any data he wanted to keep. (*Id.*) Additionally, even after Best's access was briefly restricted, the school restored his access for two weeks. (Compl. ¶¶ 177, 186, PageID.344, 347.) These facts do not establish a plausible claim that Beauboeuf retaliated against Best.

Best next objects to the R&R's conclusion that he did not plausibly plead any due process violations related to the disciplinary proceedings leading to his suspension.

[1] A court may consider exhibits attached to the complaint when resolving a motion to dismiss, so long as the exhibits are referred to in the complaint and central to the claims in the complaint. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

As an initial matter, Best argues that the R&R incorrectly concluded that he waived his due process arguments by failing to attend his hearing with the Office of Student Compliance (the "Office"). (*See* Pl.'s Obj., PageID.799.) The Court notes that the case law cited by the R&R only establishes that a plaintiff waives his *post*-deprivation due process claims if he does participate in *post*-deprivation procedures. *See Hieber v. Oakland Cnty., Michigan*, 136 F.4th 308, 324 (6th Cir. 2025); *see also Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) (holding that "where the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim") (R&R, PageID.782). The Court is unaware of any Sixth Circuit case law that directly establishes the same principle for *pre*-deprivation procedures, although at least some other courts have done so. *See McGee v. Boren,* 58 F. App'x 436, 438 (10th Cir. 2003) (holding, in a professor's challenge to abrogation of his tenure, that "[c]ase law firmly establishes that failure to attend a deprivation hearing waives any claims a party might raise about the hearing's inadequacy"). But even if Best did not waive his due process claims by failing to attend his hearing, his complaint does not plausibly plead any due process claims.

Best first argues that he was not given sufficient notice because he was not given more specific information about the evidence, the witnesses, or the specific events that would be invoked to support the disciplinary action. But as the R&R notes, he was given a list of witness statements and evidence that would be used at the hearing. The R&R does not directly address Best's arguments that he received no notice that one of the "complainants" would be an administrator he had allegedly never had any contact with, Amy Stoakes, and that she had no connection to any of the "charges" that had been brought against him. (*See, e.g.*, Pl.'s Obj., PageID.815.) But the Office did notify him of the specific provisions in the Student Code of Conduct that he was alleged

to have violated (Hr'g Notif. Letter Ex. VV, ECF No. 23-47, PageID.613-14) and the evidence list indicated that a statement from Amy Stoakes could be presented at the hearing. (Evid. Notif. Letter Ex. Y, ECF No. 23-25, PageID.506.) In *Flaim v. Medical College of Ohio*, the Sixth Circuit explained that "[n]otice satisfies due process if the student 'had sufficient notice of the charges against him and a meaningful opportunity to prepare for the hearing.' " 418 F.3d 629, 638 (6th Cir. 2005) (quoting *Jaksa v. Regents of Univ. of Michigan*, 597 F. Supp. 1245, 1250 (E.D. Mich. 1984), *aff'd,* 787 F.2d 590 (6th Cir. 1986)). And in *Flaim*, the court rejected a student's arguments that he needed notice of the evidence, testimony, or specifics of the charges against him, holding instead that a written notice of the sections of the college's policies that had been violated was sufficient. *Id.* 638-40. Likewise, here, Best was given sufficient notice.

Best also argues that his due process rights were violated because the hearing was scheduled for very early in the morning Pacific Time, he was only given 60 minutes prior to the hearing to review the evidence, and the Office did not follow its own policies. The Court agrees with the R&R's conclusion that although the hearing time may have caused inconvenience, it did not violate due process—especially considering that the hearing had already been rescheduled once at Best's request. (R&R, PageID.782.) As for the evidence review, a 60-minute review period was sufficient to review the evidence, especially considering that Best had been provided with a list of that evidence beforehand to prepare for the hearing. And insofar as the Office did not follow all of its own policies, "[a] school's departure from its own hearing rules amounts to a due process violation only when the departure 'results in a procedure which itself impinges on due process rights.' " *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017) (quoting *Flaim*, 418 F.3d at 640). As shown throughout this discussion, the Court sees no plausible pleading of a deficient process here.

Best also makes various allegations that Thompson, Maldonado, and the John Doe campus police officers deliberately concealed evidence from him or distorted the record used at the hearing by omitting or concealing evidence. Best has not plausibly pled any facts to support that claim. And insofar as Best pleads that the record might not have included all the relevant witnesses, he was explicitly informed that he could bring his own witnesses and any other evidence that he felt was necessary to complete the record. (Evid. Notif. Letter, PageID.505.)

In summary, the Court overrules Best's objections to the R&R's conclusion that he has not plausibly pled any due process claims against Defendants. Additionally, because Best has not plausibly pled that his due process rights were violated, the Court overrules his objection to the R&R's conclusion that Defendants Thompson and Maldonado are entitled to qualified immunity on the due process claims.

Next, Best objects to the R&R's conclusion that his ADA/Section 504 Rehabilitation Act claims must be dismissed.[2] Relevant here, the R&R concluded that Best did not plausibly plead that he was "excluded from participation in, or being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap." *Knox Cnty., Tennessee v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023) (quoting *G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623, 635 (6th Cir. 2013)). "A plaintiff may allege disability discrimination under two available theories: intentional discrimination and failure to reasonably accommodate." *Id.*

Insofar as Best objects that the R&R should not have concluded that he failed to plead intentional discrimination, the Court overrules his objections. Best has put forward no evidence to support such a claim.

[2] Because the ADA and Section 504 of the Rehabilitation Act are essentially the same for present purposes, the Court will follow established practice by analyzing these claims together. *Knox Cnty., Tennessee v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023).

The R&R does not seem to squarely address a failure-to-accommodate claim. Nonetheless, the Court concludes that Best has not plausibly pled a claim under that theory, either.

"To prevail in a failure-to-accommodate claim, the plaintiff must show that the defendant reasonably could have accommodated his disability but refused to do so, and that this failure to accommodate 'imped[ed] [his] ability to participate in, or benefit from, the subject program.' " *Id.* (alterations in original) (internal citation omitted) (quoting *Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 166 (6th Cir. 2003)). "The plaintiff must establish both that his preferred accommodation was reasonable, *and* that the accommodation provided to him was unreasonable." *Id.*

Best objects to the R&R's conclusion that he did not make "any request for accommodation" related to his alleged disability. (R&R, PageID.787.) The R&R does overlook some of Best's pleadings. Best says that he told Thompson of his mental health issues in a 2023 phone call (Compl. ¶ 140, PageID.333) and that Beauboeuf had also acknowledged those mental health issues in a 2023 email sent to other LCC staff. (*Id.* ¶ 297, PageID.386.) Best also brought up the impacts to his mental health (albeit in a very brief aside) in the email chain where he requested changes to the hearing processes. (June 26, 2024 Email Ex. 25, ECF No. 23-30, PageID.528.) "[A] covered entity may need to infer that a request is a request for accommodation if 'context' shows that it is meant to compensate for medical restrictions," and Best may have plausibly pled that Thompson and Beauboeuf could have inferred from this context that he was requesting an accommodation. *Marble v. Tennessee*, 767 F. App'x 647, 653 (6th Cir. 2019) (quoting *Leeds v. Potter*, 249 F. App'x 442, 450 (6th Cir. 2007)).

But even so, Best has not plausibly pled that Thompson or Beauboeuf failed to reasonably accommodate his disability. As for the date and time of the hearing, the hearing was scheduled

with ample notice to Best—and had already been rescheduled once before at his request. Although the early hour of the hearing may have surprised and confused Best, it was not unreasonable for the Office to expect him to attend an important hearing at that time, especially considering that Best had not previously attempted to clarify the time zone and that the Office might reasonably assume that Eastern Standard Time zone was implied since that is where the Office itself is based. As for the evidence review, sixty minutes was not an unreasonable amount of time for Best to conduct his review. And as for Best's email access, he was given the same notice as any other affected users that his access would be restricted in the future and that he should take steps to preserve any data he wanted to keep, and even after his access was briefly restricted, the school restored his access for two weeks. (Compl. ¶¶ 177, 186, PageID.344, 347.) "Courts are mindful of school administrators' educational expertise in reviewing the reasonableness of their selected accommodations," and the Court does see any unreasonable accommodations here. *Knox Cnty.*, 62 F.4th at 1000.

In summary, the Court overrules Best's objections to the R&R regarding his ADA/Rehabilitation Act claims.

Finally, the Court overrules Best's objections to the R&R's conclusion that his attempt to revive his defamation claims must be dismissed. As the R&R explained, the alleged statements are privileged because they were made as part of a student disciplinary action, *see Rosenboom v. Vanek*, 451 N.W.2d 520, 522 (Mich. Ct. App. 1989) (student's statement to facility department chair that she was sexually assaulted by a member of the department fell within the "shared interest" privilege), and Best has not overcome the privilege by plausibly pleading that the defendants acted with malice. *See id.* at 522-23 ("Plaintiff has not established actual malice and therefore, has not overcome the shared interest privilege.").

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 47) is **APPROVED** and **ADOPTED** as set forth herein.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss and supplemental motion to dismiss (ECF Nos.19 and 26) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Best's claims against Defendants Maldonado, Schabes, Sobania, Cornelison, Sustaita, and the two John Doe LCC police officers are **DISMISSED.**

**IT IS FURTHER ORDERED** that Best's claims against Defendant Cuccia are **DISMISSED** except for the first amendment retaliation claim.

The only remaining claim in the case is Best's first amendment retaliation claim against Cuccia.

Dated: November 10, 2026

/s/ Paul L. Maloney
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE